UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JOHN R. DURSO, JOSEPH FONTANO,     *
NEIL GONZALVO, FRED WREN,     *
MICHAEL PASQUARETTA and     *
DEBRA BOLLBACH, as Trustees and     *
Fiduciaries of the LOCAL 338 HEALTH     *
AND WELFARE FUND,     *
    *
          and     *
    *
JOHN R. DURSO, JOSEPH FONTANO,     *
NEIL GONZALVO, DEBRA BOLLBACH,     *
TERI NOBLE, JON GREENFIELD,     *
JOHN CATSIMATIDIS, ANGELO AVENA,     *
MORTON SLOAN, and JACOB DIMANT, as     *
Trustees and Fiduciaries of the LOCAL 338     *
RETIREMENT FUND,     *
    *
          and     *
    *
JOHN R. DURSO, JOSEPH FONTANO,     *
NEIL GONZALVO, JON GREENFIELD,     *
ANGELO AVENA, and MORTON SLOAN, as     *
Trustees and Fiduciaries of the     *
LOCAL 338 BENEFITS TRUST FUND,     *
    *
    *
                                   Plaintiffs,     *
    *
        - against -     *
    *
ALMONTE BEACH FOOD CORP.,     *
    *
    *
                                     Defendant.     *
----------------------------------------------------------------X

## COMPLAINT

        The Trustees and Fiduciaries of the Local 338 Health and Welfare Fund (the "Health Fund"), the Local 338 Retirement Fund (the "Retirement Fund"), and the Local 338

Benefits Trust Fund (the "Benefits Fund"0 (the individuals named in the caption as trustees of the three benefit funds at issue shall be collectively referred to herein as the "Trustees" or "Plaintiffs;" and the Health Fund, the Retirement Fund, and the Benefits Fund shall be collectively referred to herein as the "Funds"), by their attorneys, Friedman & Anspach, allege as follows:

## INTRODUCTION

1. In this action, Plaintiffs request that the Court order Defendant Almonte Beach Food Corp. ("Almonte," the "Company," or "Defendant") to submit to audit, make unpaid benefit fund contributions, and pay statutory damages, including interest, the greater of additional interest or liquidated damages, and reasonable attorneys' fees and costs.

2. In bringing this action, the Trustees are enforcing the terms of the Trust Agreements governing the Funds, as well as the collective bargaining agreement (the "CBA") between Defendant and Local 338, RWDSU/UFCW ("Local 338" or the "Union") during the period from at least May 10, 2012 through December 31, 2014.  This action is based on provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq.  Specifically, Plaintiffs invoke Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), in that they seek to enforce terms of the Trust Agreement, and to address violations of Section 515 of ERISA, 29 U.S.C. § 1145.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is invoked pursuant to Sections 502(a)(3), 502(e)(1), 502(f) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f), and 1132(g)(2).

4. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Funds are administered in this District, a breach took place in this District, and the Defendant may be found in this District.

## PARTIES

5. Plaintiffs are the Trustees and Fiduciaries of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Plaintiffs comprise the Boards of Trustees of the Funds and are the "plan sponsor" within the meaning of ERISA § 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii).

6. The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), with their principal office located at 1505 Kellum Place, Mineola, New York, within the County of Nassau, New York. The Funds were established pursuant to the terms of collective bargaining agreements between Local 338 and various employers who are required to make contributions to the Funds on behalf of their employees covered by the collective bargaining agreements.

7. The Funds are maintained for the purpose of collecting and receiving contributions and providing medical, pension, and other types of benefits to eligible participants and their dependents pursuant to and in accordance with their respective Agreements and Declarations of Trust (the "Trust Agreements").

8. Almonte is a New York corporation located at 663 East Park Avenue, Long Beach, New York 11561, that operates at least one supermarket within the State of New York.

BACKGROUND

9. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 8 as if the same were fully set forth herein.

10. At all times material hereto, Defendant has been a party to and bound by the CBA covering the period from at least May 10, 2012 through December 31, 2014.

11. Under the CBA, Almonte bound itself to certain terms and conditions governing the employment of its employees and obligated itself to make contributions to the Funds on behalf of those employees covered by the CBA.

12. The Funds rely upon Almonte and other employers to make the proper contributions required by collective bargaining agreements in order to provide medical, dental, retirement, legal services, and other benefits to the Funds' participants in accordance with the rules and regulations established by the Trustees of the Funds.

13. At all times relevant to the allegations herein, Almonte was bound by the Trust Agreements.

14. The Trust Agreements and ERISA authorize the Trustees to bring actions to enforce an employer's obligations to make contributions in accordance with the terms and conditions established by the Trustees.

15. The Trust Agreements and ERISA authorize the Trustees to audit the books and records of participating employers.

16. In an action to collect unpaid benefit fund contributions, the Trust Agreements and ERISA authorize the Trustees to collect the amount of the unpaid contributions, plus interest on the contributions at the rate of one and one-half percent per month or eighteen percent (18%) per year from the date of the underpayment to the date that it is actually paid, plus

the greater of additional interest or liquidated damages in the form of twenty percent (20%) of the unpaid contributions, plus auditing fees, attorneys' fees and costs.

17. The Trust Agreements authorize the Trustees to construe their provisions and the terms used therein and provide that any construction adopted by the Trustees in good faith is binding upon the signatory employer.

18. By letter dated September 6, 2016, Funds' Counsel demanded that Almonte produce its books and records with respect to the period from May 10, 2012 through December 31, 2014 for audit.

19. By letter dated October 19, 2016, the Funds sent Almonte an audit commencement letter demanding the following information with regard to union employees for period from May 10, 2012 through December 31, 2014: (i) list of hire and terminations dates for all employees, (ii) NYS-45's ATT, (iii) Federal 941 Quarterly Reports, (iv) Payroll records, (v) Employee earnings records, (vi) Federal W-2 and 1099 forms, (vii) General ledger, (viii) Cash disbursements.

20. By email dated December 14, 2016, Almonte sent the Funds' auditor: (i) a Payroll Register for the year 2014, (ii) a Payroll Journal Summary for the year 2014, (iii) an ACA Compliance Report for the year 2014, and (iv) a tax reconciliation recap for the third quarter of 2014. No documents were provided for any year other than 2014.

21. By email dated June 6, 2017, the Funds' auditor notified Almonte that the documents provided were incomplete and requested copies of all the necessary documents. No response was received subsequent to such email.

22. The Funds and Funds' counsel have made multiple attempts to contact Almonte to obtain the requested documents and have not received any response.

23. Accordingly, Almonte has failed to provide the necessary documents to permit the Funds to conduct an audit for at least the period from May 10, 2012 through December 31, 2014.

## FIRST CAUSE OF ACTION: 
## FOR UNPAID BENEFIT FUND CONTRIBUTIONS

24. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 23 as if the same were fully set forth herein.

25. Almonte has failed to pay contributions owed to the Funds for at least the period from May 10, 2012 through December 31, 2014.

26. Such underpayment is a breach of the CBA and the Trust Agreements, and places Almonte in violation of Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

27. Almonte's actions have injured the Funds by delaying the investment of contributions and causing the Funds to incur unnecessary administrative costs.

28. Accordingly, as a result of the above-described actions, Almonte owes the Funds unpaid contributions in the amount of at least: (i) $51,239.00 to the Health Fund, (ii) $26,650.00 to the Retirement Fund, and (iii) $4,805.00 to the Benefits Fund; plus interest at the rate of eighteen percent (18%) per annum on the monies due and owing to the Trustees from the date due until the date actually paid; plus the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty (20%) percent of the unpaid contributions; plus costs and reasonable attorneys' and auditors' fees.

## SECOND CAUSE OF ACTION:
## FOR FAILURE TO SUBMIT BOOKS AND RECORDS FOR AUDIT

29. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 28 as if the same were fully set forth herein.

30. The refusal and failure of Almonte to provide the Trustees' auditors with its pertinent books and records violates the CBA and the Trust Agreements.

31. The refusal and failure of Almonte to provide the Trustees' auditors with pertinent books and records also violates Section 209(a) of ERISA, 29 U.S.C. § 1059(a), which requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees."  In addition, under ERISA Section 107, 29 U.S.C. § 1027, employers must make their "records available for an examination period of not less than six years."

32. The refusal and failure of Almonte to provide the Trustees' auditors with pertinent books and records in connection with Defendant's obligation to pay contributions to the Funds also violates Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

33. In any action by the Trustees seeking the production of books and records by employers for audit purposes, the Trustees are entitled to "attorneys' fees and all costs and disbursements" connected with such action.

34. As a result of Defendant's conduct in violation of the Trust Agreements, the CBA, and ERISA, Plaintiffs are entitled to an Order (1) directing Almonte to present books

and records to the Funds' auditors for examination and (2) awarding the Trustees all costs and disbursements of this suit, including, but not limited to, reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION:
## FOR UNPAID BENEFIT FUND CONTRIBUTIONS FOUND IN THE AUDIT

35. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 34 as if the same were fully set forth herein.

36. In the event that Almonte provides the Trustees' auditors with its books and records, and the audit reveals contributions due and owing, such contributions are due to Plaintiffs under the Trust Agreements, the CBA, and ERISA.

37. Any failure by Defendant to pay contributions to the Funds when due is a breach of the CBA and the Trust Agreements, and places Almonte in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

38. Almonte's failure to pay contributions in a timely manner injures the Funds by delaying the investment of contributions and causing the Funds to incur unnecessary administrative costs.

39. Accordingly, Almonte owes the Funds unpaid contributions found pursuant to an audit; plus interest at the rate of eighteen percent (18%) per annum on the contributions due and owing to the Trustees from the date due until the date actually paid; plus the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; plus costs and reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION:
## FOR ESTIMATED CONTRIBUTIONS OWED FOR FAILURE TO MAINTAIN RECORDS

40. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 39 as if the same were fully set forth herein.

41. To the extent that Defendant fails to produce and/or claims it has not maintained books and records for any portion of the period sought to be audited, Almonte has violated the terms of the CBA and the Trust Agreements.

42. To the extent that Defendant fails to produce and/or claims it has not maintained books and records for any portion of the period sought to be audited, Almonte has also violated Sections 107, 209(a), and 515 of ERISA, 29 U.S.C. §§ 1027, 1059(a), and 1145.

43. To the extent that Defendant fails to produce and/or claims it has not maintained books and records for any portion of the period sought to be audited, the Trust Agreements set out formulae that Plaintiffs may utilize in order to estimate contributions owed by Defendant.

44. Defendant is bound by the formulae in the Trust Agreements for estimating contributions.

45. In the alternative, to the extent that Defendant fails to produce and/or claims it has not maintained books and records for any portion of the period the Funds wish to audit, the Trust Agreements empower Plaintiffs to "take whatever proceedings may be proper and necessary in their discretion for enforcement of an Employer's obligations."

46. In addition, an employer that violates the record keeping duties of Sections 107 and 209(a) of ERISA, 29 U.S.C. §§ 1027, 1059(a), must accept a benefit plan's reasonable estimate of contributions owed.

9

47. Accordingly, Almonte owes the Funds unpaid contributions estimated pursuant to the formulae in the Trust Agreements; plus interest at the rate of eighteen percent (18%) per annum on the contributions due and owing to the Trustees from the date due until the date actually paid; plus the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; plus costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant, as follows:

1. On the First Cause of Action, that the Court order Almonte to pay Plaintiffs: (a) the amount in unpaid contributions equal to at least: (i) $51,239.00 to the Health Fund, (ii) $26,650.00 to the Retirement Fund, and (iii) $4,805.00 to the Benefits Fund; (b) interest on the unpaid contributions at the rate of 18% per annum from the date due until the date actually paid; (c) the greater of liquidated damages equal to twenty (20%) percent of the unpaid contributions, or an amount equal to the pre-judgment interest described above; and (d) all costs and disbursements of this lawsuit, including, but not limited to, reasonable attorneys' fees and auditing fees; and that the Court award Plaintiffs such other and further equitable relief as this Court deems just and proper.

2. On the Second Cause of Action, that the Court order Almonte to present its books and records within thirty (30) days to the Funds' auditors for examination for the period of May 10, 2012 through December 31, 2014, including but not limited to: payroll records, including, but not limited to, payroll journals, time cards, print-outs, ledgers or any other form of

payroll records; payroll tax records submitted to federal and state governments, including, but not limited to, Forms 941, WRS-2, W-4, and W-2; complete business income tax returns; cash disbursement records; general ledgers; and any other records specifically requested by the Funds' auditors; and further Order Almonte to pay all costs and disbursements incurred in this action, including reasonable attorneys' fees and auditors' fees; and that the Court award Plaintiffs such other and further equitable relief as this Court deems just and proper.

    3.  On the Third Cause of Action, that the Court order Almonte to pay Plaintiffs (a) the unpaid contributions found to be due and owing pursuant to audit; (b) interest on the unpaid contributions at the rate of 18% per annum from the date due until the date actually paid; (c) the greater of liquidated damages equal to twenty (20%) percent of the unpaid contributions, or an amount equal to the pre-judgment interest described above; and (d) all costs and disbursements of this lawsuit, including, but not limited to, reasonable attorneys' fees and auditing fees; and that the Court award Plaintiffs such other and further equitable relief as this Court deems just and proper.

    4.  On the Fourth Cause of Action, to the extent Almonte fails to produce and/or claims it has not maintained books and records for any portion of the period sought to be audited, that the Court Order Almonte pay Plaintiffs (a) the contributions calculated pursuant to the formula(e) set forth in the Trust Agreements and/or, to the extent that evidence exists enabling the Trustees to approximate contributions owed by Defendant, approximate contributions as determined by the auditors based on available evidence; (b) interest on the unpaid contributions at the rate of eighteen percent (18%) per annum from the date due until the date actually paid; (c) the greater of liquidated damages equal to twenty percent (20%) of the unpaid contributions, or an amount equal to the pre-judgment interest described above; and (d)

all costs and disbursements of this lawsuit, including, but not limited to, reasonable attorneys' fees and auditor's fees; and that the Court award Plaintiffs such other and further equitable relief as this Court deems just and proper.

Dated: November 15, 2017
       New York, New York

                               By:   /s/
                                      Paris Nicholls

                                      FRIEDMAN & ANSPACH
                                      1500 Broadway, Suite 2300
                                      New York, New York 10036
                                      (212) 354-4500

                                      Attorneys for Plaintiffs

4810-8326-8408, v. 1